UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JONATHAN DERRELL WINBUSH, SR., | |
| Plaintiff, | |
| v. | No. 3:23 CV 1097 |
| INDIANA DEPARTMENT OF CHILD SERVICE, BRIAN WIGENT, MYLES ROBERSON, and HOLLY MICHELLE DENEVE, | |
| Defendants. | |

## OPINION and ORDER

Jonathan Derrell Winbush, Sr., a prisoner without a lawyer, filed a complaint. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Winbush sued the Indiana Department of Child Services and several other people who were involved in the investigation into allegations that he molested a minor. He explains that the investigation was initially closed but was reopened after the victim tested positive for a sexually transmitted infection. He alleges that two of the

defendants planted the disease on him and faked a positive test result. He further alleges one of the investigators threatened the victim in order to get her to participate in the investigation.

When he filed this lawsuit, Winbush had already pleaded guilty to a charge of child molesting and had been sentenced. *See Indiana v. Winbush*, No. 71D02-2304-F1-6 (St. Joseph Super. Ct. decided Nov. 2, 2023), available at mycase.in.gov. A prisoner cannot challenge his ongoing detention or conviction in a civil rights action under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement). As a general rule, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Winbush's allegations that investigators fabricated evidence against him and coerced the victim into cooperating would call into question the validity of his conviction and continuing imprisonment. Therefore, this case is barred by *Heck* and cannot proceed.

Ordinarily, the court should give a *pro se* litigant an opportunity to cure his defective pleadings before dismissing the case. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1025 (7th Cir. 2013).

However, the court is not required to grant leave to amend where such action would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). That is the case here. The court finds no basis to conclude that, if given another opportunity to plead his claims, Winbush could overcome the *Heck* bar. *See Morgan v. Schott*, 914 F.3d 1115, 1120 (7th Cir. 2019) ("The favorable-termination rule [in *Heck*] is more than a procedural hurdle that plaintiffs can skirt with artful complaint drafting . . . . Rather, it is grounded in substantive concerns about allowing conflicting judgments.").

For these reasons, the court **DISMISSES** this action **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A because it is legally frivolous to challenge the basis of an intact criminal conviction in a § 1983 action.

**SO ORDERED.**

Date: March 15, 2024

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT